UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA NUESTRO LAUSER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 13-cv-05990-MEJ<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS JUSTICE ACT**<br><br>Re: Dkt. No. 31 |

## INTRODUCTION

In this Social Security appeal, Plaintiff Roberta Nuestro Lauser moves for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. No. 28 ("Mot."). The Social Security Commissioner opposes the motion. Dkt. No. 29 ("Opp'n"). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Plaintiff's Motion for the reasons set forth below.

## BACKGROUND

Plaintiff appealed to this Court pursuant to 42 U.S.C. § 405(g), filing a motion for summary judgment seeking an order reversing the final decision of the Administrative Law Judge ("ALJ"). Dkt. No. 21. The ALJ found that Plaintiff was not disabled prior to the date she was last insured and therefore not entitled to disability benefits. *Id.* at 1-3. The Court granted Plaintiff's motion and remanded for reconsideration of the onset date of Plaintiff's disability. Dkt. No. 25 ("Order"). Specifically, the Court found that "the ALJ erred in not calling on a medical advisor to assist with the determination of the onset of Plaintiff's physical impairments as required under Social Security Ruling ('SSR') 83-20." *Id.* at 14. The Court held that "[a]lthough the ALJ may be correct that the disability onset did not occur until 2011, the record indicates physical impairments

prior to the date last insured and it is difficult to determine, based on the record alone, when the physical impairments became disabling. . . . Thus, because the onset date of Plaintiff's physical impairments is ambiguous, the ALJ was required to call a medical expert before inferring the [disability onset] date." *Id.* at 13.

Plaintiff now moves for attorney's fees totaling $7,875.87 at a rate of $189.78 per hour, as well as costs and expenses totaling $195.14. Mot. at 2. In her Reply, Plaintiff requests an additional $1,233.57 for time her attorney spent reviewing the Commissioner's opposition and researching, preparing, and filing her Reply. Reply at 8, Dkt. No. 30. She also requests an additional $92.15 for costs and expenses incurred after filing the Reply. *Id.* The Commissioner opposes Plaintiff's motion on the grounds that the ALJ and the Commissioner were substantially justified in their positions and that the attorney fees requested are unreasonable. Opp'n at 1.

## LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The position of the Social Security Commissioner is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person"—i.e., that it has a reasonable basis in fact and law. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (a position can be substantially justified "if it has a reasonable basis in law and fact." (quotation omitted)).

The government bears the burden to show that its position was substantially justified at "each stage of the proceedings," meaning it must demonstrate substantial justification for "both the government's litigation position and the underlying agency giving rise to the civil action." *Tobeler v. Colvin*, 749 F.3d. 830, 832, 834 (9th Cir. 2014); *see also Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (courts assess "both [] the position asserted by the government in the trial

2

court as well as the nature of the underlying government action at issue." (citations omitted)). As the EAJA provides, "'position of the United States' means, in addition to the position taken by the United States in the civil action, *the action or failure to act by the agency upon which the civil action is based.*" 28 U.S.C. § 2412(d)(2)(D) (emphasis added). If the ALJ's original position was not substantially justified, then the court need not address the government's litigation position. *See Tobeler*, 749 F.3d at 834 ("Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified." (emphasis in original)).

If the government's position was not substantially justified, then the plaintiff may be eligible for an award of fees under the EAJA; however, eligibility is not an automatic award. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). An award of fees pursuant to the EAJA requires that the fees sought are reasonable, which is the plaintiff's burden to prove. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." (quotation omitted)).

## DISCUSSION

Plaintiff contends that she is entitled to attorney's fees and costs under the EAJA for having secured a remand under 42 U.S.C. § 405(g), which makes her the prevailing party. Mot. at 3-4; *see, e.g.*, *Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." (citations omitted)). The Commissioner does not dispute that Plaintiff is the prevailing party; rather, the Commissioner opposes Plaintiff's motion on the grounds that the government's position was substantially justified and Plaintiff's requested fees and costs are unreasonable. Opp'n at 1. The Court considers each of the Commissioner's challenges below.

### A. Substantial Justification

The Court first considers the ALJ's position in the underlying action, which the Commissioner maintains was substantially justified because there was a reasonable basis in fact

and law for it. Opp'n at 3. Specifically, the Commissioner maintains the ALJ's position was substantially justified because Plaintiff had the burden to prove her disability onset date but failed to do so. *Id.*

The Ninth Circuit considered a similar argument in *Sampson v. Chater*, where the government likewise asserted that the ALJ's position was substantially justified action because the claimant "failed to meet his burden of proving that he had become disabled prior to the expiration of his insured status." 103 F.3d 918, 921 (9th Cir. 1996). But the Ninth Circuit disagreed, holding that the ALJ's position was not substantially justified because the Commissioner had disregarded substantial evidence of the onset date of the plaintiff's disability, and the ALJ failed to call on a medical advisor "as required by SSR 83-20 when the medical evidence is ambiguous as to the date of the onset of the disability." *Id.*; *see also DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991) (holding that if the "medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination"); *cf. Sam v. Astrue*, 550 F.3d 808, 809 (9th Cir. 2008) (per curiam) ("SSR 83-20 does not require a medical expert where the ALJ explicitly finds that the claimant has *never* been disabled" (emphasis added)).

As in *Sampson*, the record here establishes that Plaintiff's disability onset date was ambiguous, yet the ALJ nonetheless inferred a disability onset date—after when Plaintiff was last insured. Order at 10, 13. "[R]egardless of how careful and well-supported the ALJ's inference may be," where the evidence is ambiguous, the Ninth Circuit has held, based on SSR 83-20, that the ALJ must consult with a medical expert before determining the disability onset date. *Quarles v. Barnhart*, 178 F. Supp. 2d 1089, 1096 (N.D. Cal. 2001) (citations omitted). Here, the Court found that the "record supports a finding that Plaintiff had impairments that may have been disabling prior to her date last insured of September 30, 2008. . . . Plaintiff suffered from fibromyalgia, carpal tunnel syndrome, and myofascial pain syndrome prior to this date." Order at 13. As Plaintiff's conditions "did not arise overnight and their onset is ambiguous," (Order at 13), the ALJ's failure to call on a medical advisor as required by SR 83-20 was legal error and was not

4

substantially justified by the facts available to the ALJ, nor in law. *See Randall v. Comm'r of Soc. Sec. Admin.*, 61 F. Supp. 2d 1141, 1143-44 (D. Or. 1999) (granting an EAJA award after finding the Commissioner's position contrary to Ninth Circuit law, which establishes that "the ALJ has an affirmative duty to obtain the necessary evidence to establish the onset date where . . . the onset date is ambiguous and difficult to determine and where medical inferences need to be made"). The Court's review of the record and the law applicable to this case demonstrates that the ALJ's position did not have a reasonable basis in law or fact.

Because the ALJ's position in the underlying action was not substantially justified, the government has not met its burden to show that its position was substantially justified at "each stage of the proceedings" and the Court need not address whether the Commissioner's litigation position was substantially justified. *Tobeler*, 749 F.3d. at 832, 834.

### B. Reasonableness of Attorney's Fees

When awarding a party attorney's fees pursuant to the EAJA, the Court must determine the reasonableness of the fees sought. *Sorenson*, 239 F.3d at 1145. This inquiry generally entails determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation omitted)). The court may reduce an award if it finds that the movant has provided inadequate documentation of the fees requested, that the hours spent by counsel were unreasonable, or that the movant achieved "limited success" in the litigation. *Id.* at 1146-47. Fees awarded under the EAJA must be reasonable, and the party seeking fees bears the burden of proving that they are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S. at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

"When the district court makes its award, it must explain how it came up with the amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id.*; *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d

1132, 1136 (9th Cir. 2012) (citing *Moreno* and noting that a district court can impose a reduction of up to 10 percent based purely on the exercise of its discretion and without more specific explanation, but where the number of hours is reduced by twenty to twenty-five percent, a court is required to provide more specific explanation).

The Commissioner contends that Plaintiff's fee request is unreasonable. Plaintiff initially requested $7,875.87 in attorney's fees for 41.5 hours of work and $195.14 for costs and expenses. Mot. at 2. The Commissioner does not challenge the hourly rate but asks the Court to reduce the number of hours claimed by Plaintiff's counsel. Opp'n at 5. Since filing this Motion, Plaintiffs' counsel asserts that she spent an additional 6.5 hours "reviewing the government's opposition to the motion and researching, preparing, and filing their reply." Reply at 8, Dkt. No. 30; Second Rizzo Decl. ¶ 2, Dkt. No. 30-1. Multiplying these hours by her hourly rate of $189.78, she contends she is entitled to $1,233.57 in additional fees, as well as additional expenses after filing her Reply in the amount of $92.15.[1] Reply at 8; Second Rizzo Decl. ¶ 3. Accordingly, Plaintiff now asserts that she should be awarded a total of $9,109.44 in attorney's fees and $287.29 in costs and expenses. The Commissioner has not had the opportunity to respond to Plaintiff's updated fee and cost request.

1.   Hourly Fee

While the Commissioner does not object the claimed hourly rate of $189.78, the EAJA sets a maximum fee of $125 per hour. 28 U.S.C. § 2412(d)(2)(A). Courts, however, may award in excess of the statutory maximum if "the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (awarding fees at rate based on cost of living increases).

Plaintiff's counsel, Barbara M. Rizzo, seeks an hourly award rate of $189.78 for time worked on this case. Mot. at 8. Rizzo notes that she relies on the attorney's fees that are "calculated at the EAJA adjusted rate of $189.78 per hour." *Id.* at 2, 7. Rizzo's requested fees do

---

[1] There is a discrepancy in the amount requested in the Reply brief compared with what Rizzo's Declaration states was the amount spent on costs and expenses incurred with the Reply brief. *Compare* Reply at 8 (requesting amount of $92.**15** (emphasis added)) *with* Second Rizzo Decl. ¶ 3 (stating that only $92.**05** was incurred (emphasis added)).

not exceed the statutory maximum annual fees for 2014.  *See* Statutory Maximum Rates Under the Equal Access to Justice Act, *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id =0000000039 (Apr. 22, 2015).  As such, the Court finds the claimed hourly rate is reasonable.

### 2. Claimed Attorney Hours

The Commissioner opposes the full compensation of Ms. Rizzo's claimed 41.5 hours.  Opp'n at 4-5.  The Commissioner requests the Court reduce Plaintiff's EAJA fee award by "thirteen hours at $189.78/hour, or $2,467.14" because "half of Plaintiff's argument" in her summary judgment motion related to the ALJ's credibility finding, an issue on which Plaintiff did not prevail.  *Id.* at 4.[2]  The Commissioner argues that Plaintiff should not be compensated for the hours expended in drafting the non-prevailing argument in either Plaintiff's motion for summary judgment or reply.  *Id.*

The Supreme Court has recognized that when a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly may be an excessive amount."  *Hensley*, 461 U.S. at 436.  In *Sorenson v. Mink*, the Ninth Circuit applied the two-step analysis set forth in *Hensley* to determine the extent of plaintiff's "limited" success achieved in a case for disability benefits.  239 F.3d at 1147.  First, the court considers whether the prevailing claims were unrelated to the unsuccessful claims.  *Id*. (citations omitted).  Second, the court determines whether the "plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."  *Id.*  As to the second prong, "a district court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'"  *Id*. (citation omitted).  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."  *Id.* (citations omitted).

The Court first analyzes the relatedness between Plaintiff's prevailing and non-prevailing arguments.  Both of Plaintiff's arguments in her summary judgment motion went to support one

---

[2] While the Commissioner seeks a reduction of thirteen hours from Plaintiff's counsel's claimed hours, the Commissioner has not provided evidence to support that exactly thirteen hours was spent drafting Plaintiff's non-prevailing argument.

7

claim for relief, i.e., a claim for disability benefits on which she prevailed by obtaining a reversal of the ALJ's decision and a remand for further proceedings. *See Trefcer v. Colvin*, 2013 WL 6623823, at*4-5 (E.D. Cal. Dec. 16, 2013) ("Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories"); *Williams v. Astrue*, 2012 WL 3527224, at *3-4 (D. Or. June 26, 2012) (awarding fees where plaintiff presented multiple arguments, not all of which were successful, but were all in support of one claim for relief: a claim for disability benefits through reversal and remand), *report and recommendation adopted*, 2012 WL 3527207 (D. Or. Aug. 15, 2012). Because Plaintiff's claim for relief involved a common core of facts and was based on related legal theories, "'[m]uch of counsel's time will be devoted generally to the litigation as a whole . . . . Such a lawsuit cannot be viewed as a series of discrete claims.'" *Sorenson*, 239 F.3d at 1147 (quoting *Hensley*, 461 U.S. at 435).

In considering the second-prong of the analysis, the Court looks at the overall result obtained by the Plaintiff. Specifically, courts must consider "whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Id.* at 1147 (quoting *Hensley*, 461 U.S. at 434). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* (quotation omitted). "A plaintiff may obtain excellent results without receiving all the relief requested." *Id.* (citing *Hensley*, 461 U.S. at 435 n.11). Here, although Plaintiff presented two arguments, the Court was persuaded by the first argument to remand in her favor. The Court's decision to not reach the second argument of Plaintiff's argument does not support a reduction of fees. *See Hensley*, 461 U.S. 424, 434 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or *failure to reach certain grounds* is not sufficient reason for reducing a fee." (emphasis added)); *Stevenson v. Astrue*, 2012 WL 5412704, at *7 (N.D. Cal. Nov. 6, 2012) (where plaintiff argued several reasons against the denial of Social Security benefits, and "the court agreed with him with respect to one of these reasons and remanded the action for further proceedings . . . , the court will not reduce the claimed hours."). Given that Rizzo achieved the relief sought for Plaintiff, she obtained an excellent result, and the fee award should not be reduced because Plaintiff did not succeed on all the contentions raised.

8

There is also the matter of Plaintiff's fee request for time and expenses Rizzo spent related the Reply briefing for this fee request. The Supreme Court has held that under the EAJA, the prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the EAJA fee award. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990); *see also Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991). Therefore, Rizzo may reasonably request compensation for the work she performed for the reply brief and supplemental declaration. *See, e.g.*, *Smith v. Astrue*, 2012 WL 3114595, at *5 (N.D. Cal. July 31, 2012) (finding 2.6 hours of work on the reply brief reasonable and granting the fee request); *Alfaro v. Astrue*, 2013 WL 85347, at *2 (N.D. Cal. Jan. 7, 2013) (finding 1.7 hours spent in preparing the reply brief reasonable); *Em v. Astrue*, 2012 WL 691669, at *8 (E.D. Cal. Mar. 2, 2012), *report and recommendation adopted*, 2012 WL 1019963 (E.D. Cal. Mar. 26, 2012) (finding the expenditure of 3.75 hours to review the Commissioner's opposition brief and draft a 13-page brief in reply reasonable).

Nonetheless, the Court finds that a small reduction in the requested fees and costs for the Reply is warranted here. First, the Reply, totaling 9 pages, repeats many of the arguments, sometimes verbatim, as used in the opening Motion, particularly in the section about whether the government was substantially justified. Second, unlike her first Declaration, Rizzo's second declaration did not include an exact accounting of her time. While Rizzo made and signed her declaration under the penalty of perjury, attesting to the fact that she spent 6.5 hours on the Reply, as well as $92.05 on expenses for Lexis legal research and other related expenses, the Court does not have the same ability to review those records as with Plaintiff's opening Motion. The problem with this absence of evidence is demonstrated by the inconsistency, albeit minor, between Rizzo's Second Declaration and the Reply. Specifically, Rizzo's declaration states that she has $92.05 in costs, whereas the Reply states she incurred $92.15. *See* Reply at 8; Second Rizzo Decl. ¶ 3. In light of these concerns, the Court reduces the award for fees related to the Reply briefing by 10%, which totals $1,110.21, and also reduces the costs and expenses requested ($92.15) by 10%, totaling $82.93.

In sum, with the minor reduction above, the Court finds that the claimed hours and

1  attorney's fees and costs are reasonable under the circumstances, and that an award of $8,986.08

2  in attorney's fees and $278.07 in costs and expenses is appropriate under the EAJA.

### C. Direct Payment of EAJA Fees to Plaintiff's Attorney

Finally, Plaintiff's counsel seeks that payment of the EAJA award be made directly to her based on a fee assignment from Plaintiff to Rizzo. According to the EAJA, "a court shall award to *a prevailing party* . . . fees and other expenses . . . incurred by that party in a civil action (other than cases sounding in tort) . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). In *Ratliff*, the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing party or the attorney. 560 U.S. at 588-89. The Supreme Court highlighted the absence of language in the EAJA explicitly directing fees to attorneys and, comparing the EAJA with a provision in the Social Security Act making fee awards payable "to such attorney," the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret the EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id.* at 593-98 (citing 42 U.S.C. § 406(b)(1)(A)).

Nonetheless, courts in this district have recently recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government. *Lloyd v. Astrue*, 2013 WL 3756424, at *4 (N.D. Cal. July 16, 2013) (citing *Palomares v. Astrue*, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012) and *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1168-69 (D. Ariz. 2008) (finding the amount awarded, subject to any legitimate offset would then be paid directly to plaintiff's council)). Here, Plaintiff has attached an agreement for legal services in which she assigned all fee awards to her attorney (Dkt. No. 28-1, Ex. A at ¶ 4; *see also* Lauser Decl. ¶¶ 3-4, Dkt. No. 28-2), but no evidence has been provided to the Court concerning whether Plaintiff owes a debt to the government.

In light of the foregoing, the Court orders the EAJA fee should be paid directly to Plaintiff's Counsel, Ms. Rizzo, subject to any administrative offset due to Plaintiff's outstanding

federal debt, if any exists.

## CONCLUSION

The Court finds that Plaintiff is entitled to an award under the EAJA in the amount of $8,986.08 in attorney's fees and $278.07 in costs and expenses. The award should be paid directly to Plaintiff's Counsel, Ms. Rizzo, subject to any administrative offset due to Plaintiff's outstanding federal debt, if any exists.

**IT IS SO ORDERED.**

Dated: April 23, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge